THOS. H. ALLEN *v.* T. A. NELSON.

SUPERSEDEAS. *Interlocutory decree.* The Supreme Court has no authority to supersede an interlocutory decree made by a Chancellor for the dissolution of an injunction. Nor has that court any more jurisdiction or authority to supersede a judgment entered as the legal consequence of the dissolution of an injunction. To supersede such a judgment would be, in legal effect, to restore the injunction.

Code cited : Sec. 4447–8.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

1. That this court has not jurisdiction to supersede

an interlocutory decree, made by a Chancellor, for the dissolution of an injunction, is not now an open question.

2. It is only such interlocutory decrees as make positive and affirmative orders to be executed and carried out by virtue of such decree, that this court can supersede.

3. When an injunction is dissolved by a Chancellor, if it be simply of a judgment for money, then an interlocutory decree follows as a necessary legal consequence against the complainant and his sureties. Code, sec. 4447.

4. When an injunction of a judgment at law is dissolved, the giving of a refunding bond by the complainant, before he can have judgment on the injunction bond, is a legal pre-requisite. Code, sec. 4448.

5. In both these cases the judgment against the complainant and his sureties on the injunction bond follows as a legal consequence of the dissolution of the injunction, and is not the result of any positive or affirmative order of the Chancellor. By operation of law the judgment becomes part of the interlocutory decree dissolving the injunction.

6. It follows that this court has no more jurisdiction to supersede a judgment entered as the legal consequence of the dissolution of an injunction, than to supersede the interlocutory decree dissolving the injunction. To supersede such a judgment would be in legal effect to restore the injunction.

Upon these grounds the temporary stay of proceedings in this case will be terminated, and the applica-

tion for *supersedeas* disallowed, and the petition dismissed.

SNEED, J., delivered the following:

While concurring in the conclusion of the court as to this case, I think the reasoning of the opinion construing the decision upon this subject goes somewhat beyond the meaning and intent of the statute. Cases of great oppression might occur in which this statutory relief would be precluded by some of the general doctrine of the opinion.